**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CAROL IRUENE, ) | |
|         Petitioner, ) | |
| ) | |
| vs. ) | No. 3:12-CV-1864-O-BH |
| ) | |
| SCOTT WEBER, ICE Interim Director, ) | |
| Dallas Field Office, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

**I. BACKGROUND**

The petitioner, an alien currently under a final order of removal, filed this action under 28 U.S.C. § 2241 on June 15, 2012. She appears to challenge both her placement in the Immigration and Custom Enforcement (ICE) Intensive Supervision Appearance Program (ISAP) of removal and the specific requirement that she wear an ankle monitor. She claims that she should not be enrolled in the ISAP or be required to wear an ankle bracelet because: 1) she is not a flight or security risk; 2) she has no criminal record; and 3) she refuses to go the doctor despite several medical problems because she is embarrassed by the ankle bracelet. (Petition (Pet.) at 1, 2, 6). She also asserts that the ISAP should be investigated because there are no rules governing the use of ankle monitors, leaving the decision to the discretion of ICE officers. (Pet. at 6).

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A.  **"In Custody"**

Section 2241(a) provides district courts the power to grant a writ of habeas corpus. An individual may seek habeas relief under § 2241 only if he is "in custody" under federal authority for a violation of federal law, or in violation of either federal law or the United States Constitution. *See* 28 U.S.C. § 2241(c). The "in custody" requirement is a jurisdictional prerequisite. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). While actual physical detention is not required to meet this custody requirement, there must be some restraint on liberty. *Jones v. Cunningham*, 371 U.S. 236 (1963). In the immigration context, an alien subject to a final deportation order is "in custody" for purposes of § 2241. *Zolicoffer v. U.S. Dep't of Justice*. 315 F.3d 538, 540 (5th 2003). Because the petitioner is subject to a final deportation order, she is in custody for purposes of § 2241.

B.  **Conditions of Supervision**

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109-13, § 103, 119 Stat. 231, codified at 8 U.S.C. § 1182 (2005). Under the Act, district courts no longer have habeas jurisdiction under § 2241 to review final removal orders. *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2003). Preliminarily at issue here is whether this court has jurisdiction to hear petitioner's challenge to her conditions of supervision pending removal.

ICE may release aliens who are subject to a final order of removal under conditions of supervision enumerated in regulations prescribed by the Attorney General. *See Zadvydas v. Davis*,

2

533 U.S. 678, 694 (2001); 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.5.  In fact, ICE must generally release final-order aliens from detention after six months where "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

In *Shokeh v. Thompson*, 369 F.3d 865 (5th Cir. 2004), *vacated on other grounds as moot,* 375 F.3d 351 (5th Cir. 2004), the Fifth Circuit considered whether district courts have jurisdiction to consider a challenge under § 2241 by a final-order alien to a requirement that he post a bond before being released from detention.  The Fifth Circuit recognized that district courts do not have jurisdiction to hear habeas challenges to certain specified discretionary decisions made by ICE under 8 U.S.C. § 1252(a)(2)(B).  It held, however, that a bond determination is not a discretionary decision because an alien's release is required under 8 U.S.C. § 1231, as interpreted by *Zadvydas*.  *Shokeh*, 369 F.3d at 868.

Although the *Shokeh* opinion was vacated after the dispute became moot, it is instructive in this case.  Like the requirement that a final-order alien post a bond at issue in that case, the requirement that a final-order alien participate in the ISAP program and wear an ankle bracelet as a condition of release is also not a discretionary decision because release is required by statute and case law.  *See id; see also Alvarez v. Holder*, 454 Fed. App'x 769, 772-74 (11th Cir. Dec. 14, 2011) (rejecting government's argument that district court did not have jurisdiction to hear removable alien's constitutional challenge to certain supervision conditions); *Yusov v. Shaughnessy,* 671 F. Supp.2d 523, 528-30 (S.D.N.Y. 2009) (finding that § 1231 did not clearly vest Attorney General with discretion in setting post-removal order supervision conditions, so district courts had jurisdiction to review constitutional challenges to conditions imposed).  Accordingly, the Court has jurisdiction to review the petitioner's challenge to the conditions of her supervision.

### III. CONSTITUTIONALITY

Petitioner asserts that she should not be enrolled in the ISAP or be required to wear an ankle bracelet because she is not a flight or security risk, she has no criminal record, and she is embarrassed to wear an ankle monitor. (Petition (Pet.) at 1, 2, 6). Her sole reference to a constitutional claim is her statement that "[a]nkle monitors are used as a way to incarcerate individuals without due process." (Pet. at 6). This statement is construed as an allegation that the ISAP violates petitioner's substantive due process rights.[1]

A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. 28 U.S.C. § 2241(c); *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). The Supreme Court has held that the liberty interest of an alien under a final removal order is not a fundamental right. *Demore v. Kim*, 538 U.S. 510, 521 (2003). Therefore, the restrictions placed on petitioner under the ISAP need only be rationally related to a legitimate government interest. *Id.* at 528. To survive a "rational basis" review, a reasonable fit between the governmental purpose and the means chosen to advance that purpose must be demonstrated. *Reno v. Flores*, 507 U.S. 292, 305-06 (1993).

ICE developed ISAP pursuant to a congressional directive to provide an alternative to detention for final-order aliens and to decrease the numbers of removal aliens who absconded. *See Nguyen v. B.I. Incorporated*, 435 F.Supp.2d 1109, 1111-13 (D. Oregon 2006) (describing ISAP in detail). The few courts that have considered the issue have uniformly found that the ISAP, including the requirement that participants wear ankle bracelets, does not violate aliens' due process rights

---

[1] While *pro se* complaints and petitions are held to less stringent standards than formal pleadings drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988), petitioner is represented by counsel in this case.

because it is rationally related to the governmental purposes of monitoring aliens under final removal orders and protecting the community. *See Nguyen*, 435 F.Supp.2d at 1115 (holding that the placement of aliens in the ISAP did not violate their due process rights because the program is rationally related to the government interest of reducing the number of absconders); *Zavala v. Prendes*, 2010 WL 4454055, slip op. at *2 (N.D. Tex. Oct. 5, 2010) (holding that the requirement that a removable alien wear an ankle monitor does not violate due process rights because it is rationally related to a legitimate government interest, even though less burdensome conditions may be available); *Diawara v. Secretary of DHS*, 2010 WL 4225562, slip op. at *2 (D.Md. Oct. 25, 2010) (finding that ISAP requirements, including ankle bracelet electronic monitoring, are not a violation of due process rights because they serve the government interests of reducing the number of final order aliens who abscond and protecting the community from danger). This Court agrees.

In this case, petitioner has alleged no particular violation of her due process rights. She challenges the ISAP generally because she does not want to wear the ankle monitor and does not believe she should have to do so. She has not shown that she is entitled to relief on this basis. Nor has she shown that she is entitled to relief on her request to have the Court to investigate the ISAP program on grounds that there are no rules governing the placement of ankle monitors. The purpose of § 2241 is to remedy violations of federal law or the constitution, not to investigate federal agency programs. Petitioner is not entitled to habeas relief.

### IV. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 1st day of August, 2012.**

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                    IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE